**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARILYN BARTHOLOMEW, | No.   19-15578 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-04590-CRB |
| v. | |
| CHAD FINKE, Court Executive Officer, Alameda County Superior Court; ANGELA BALL, Supervising Legal Research Attorney, Alameda County Superior Court, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Submitted April 7, 2020[**]

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Marilyn Bartholomew appeals pro se from the district court's judgment in her action alleging federal and state law claims arising from prior state court proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

dismissal under the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

The district court properly dismissed Bartholomew's action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because it amounted to a forbidden "de facto appeal" of state court decisions and raised claims that were "inextricably intertwined" with those state court decisions. *See id.* at 1163-65; *see also Cooper v. Ramos*, 704 F.3d 772, 782 (9th Cir. 2012) (explaining that the *Rooker-Feldman* doctrine bars "inextricably intertwined" claims where federal adjudication "would impermissibly undercut the state ruling on the same issues" (citation and internal quotation marks omitted)). Contrary to Bartholomew's contention, she could not have proceeded solely on her requests for damages because they were also barred under the *Rooker-Feldman* doctrine. *See Cooper*, 704 F.3d at 782.

The district court did not abuse its discretion in denying Bartholomew's Fed. R. Civ. P. 60 motions because Bartholomew failed to establish any basis for relief. *See Garamendi v. Henin*, 683 F.3d 1069, 1077, 1079 (9th Cir. 2012) (setting forth standard of review and discussing Rule 60(a)); *Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (discussing grounds for relief under Rule 60(b)).

We reject as meritless Bartholomew's contention that the state court

decisions were not judicially approved and therefore void.

**AFFIRMED.**